UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARBARA HARDEMAN,

    Plaintiff,

v.                                                  Case No. 11-12140
                                                      Honorable Patrick J. Duggan

THE SALVATION ARMY,

    Defendant.

_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

    Plaintiff Barbara Hardeman ("Plaintiff") filed this *pro se* lawsuit against The Salvation Army ("Defendant") on May 17, 2011, alleging age, gender, and religious discrimination. Presently before the Court is Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The motion has been fully briefed. On October 19, 2011, this Court issued a notice informing the parties that it is dispensing with oral argument with respect to Defendant's motion pursuant to Eastern District of Michigan Local Rule 7.1(f).

### Standard for a Motion to Dismiss

    A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests whether a legally sufficient claim has been pleaded in a complaint, and provides for dismissal when a plaintiff fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, ___, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 555, 570, 127 S. Ct. 1955, 1974 (2007)). A claim is facially plausible when a plaintiff pleads factual content that permits a court to reasonably infer that the defendant is liable for the alleged misconduct. *Id.* (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965). This plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965.

When assessing whether a plaintiff has set forth a "plausible" claim, the district court must accept all of the complaint's factual allegations as true. *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 512 (6th Cir. 2001). Even so, "the pleading must contain more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. at 1965. A plaintiff has the duty to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Id.* Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965).

Compared to formal pleadings drafted by lawyers, a generally less stringent standard is applied when construing the allegations pleaded in a pro se complaint. *Haines*

*v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 596 (1972). Even so, pro se plaintiffs must still provide more than bare assertions of legal conclusions. *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citing *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)).

## Discussion

To initiate this lawsuit, Plaintiff filed a form civil rights complaint made available by the Court. (*See* Doc. 1.) Plaintiff indicates on the form that the alleged discriminatory act– the termination of her employment– occurred on April and May 2010, and she checks the boxes to reflect that she is alleging gender and age discrimination. (*Id.*) Although the form indicates that a copy of the Plaintiff's complaint to the Equal Employment Opportunity Commission ("EEOC") is attached to the complaint "as a brief statement of the facts of this claim," Plaintiff did not attach her EEOC complaint. Plaintiff did file with the form complaint, however, a letter to the Court. (*Id*. at 3.)

In this letter, Plaintiff states that she is 53 years old. She further writes:

> I was working as a [sic] accessories processor when my manager noticed that I wore a Star of David. I knew he was an African American Mulsum [sic] . . . I just responded to the question of why do I wear a Star of David by saying that I don't discuss my religion and I wore it hidden after that exchange. Subsequently my employment was terminated.

(*Id.*) Plaintiff claims that Defendant "continues to engage in a pattern of firing employee's [sic] especially women over 40." (*Id.*) Plaintiff further claims: "I do nothing wrong, I went to work everyday. In one instance I came to the aid of someone who fell ill. I stayed with her until EMS arrived." (*Id.*)

In its pending motion to dismiss, filed June 14, 2011, Defendant argues that Plaintiff's complaint, even when including the statements in her attached letter, are insufficient to state a gender, age, and/or religious discrimination claim. On the same date that Defendant filed its motion, Plaintiff sent a letter to the Court. (Doc. 10.) In this letter, Plaintiff writes:

> Earlier in May (the month of my termination) the store manager who is Muslim noticed my Star of David. He asked me why I wore one. As an African American who practices and believes strongly in Judaism I am often asked about my beliefs. I responded to the store manager by saying that I do not discuss my religion. Soon after my employment was terminated.

(*Id.*) After receiving an extension of time, Plaintiff also filed a response to Defendant's motion on July 19, 2011. (Doc. 13.)

In her response brief, Plaintiff seeks leave to file an amended complaint if the Court finds her initial filing defective. Plaintiff then provides the following "general summary" of her claims:

> Plaintiff states that the store manager at the Salvation Army was a known Muslim. Once the store manager noticed that Plaintiff wore a Star of David, he questioned Plaintiff as to why she wore it. Immediately after the discussion, the store manager's behavior expressed an overt disapproval of Plaintiff's religious beliefs, and his treatment and actions toward Plaintiff immediately turned negative.
>
> With regard to age discrimination, Plaintiff states that Defendant has a separate policy for males than they have for females over 40 in terms of discipline. Plaintiff states that the store manager, a male, has multiple reprimands, demotions, suspensions and was ultimately terminated here in Michigan, but immediately rehired by Defendant in the Metro Atlanta area. Upon information and belief, Defendant replaced also replaced [sic] Plaintiff with a younger male worker.

(*Id.* at 5.)

Defendant argues in reply that it would be futile to allow Plaintiff to amend her complaint because she cannot establish, under the facts alleged in her submissions, a claim for age, gender, or religious discrimination. Defendant asserts that it does not discriminate based upon age, gender, or religion; and to support its assertion, submits an affidavit from its Human Resources Supervisor citing statistics to show that the 14 employees involuntarily terminated from its Southfield location where Plaintiff worked were of various genders and ages. (Doc. 15 Ex. C.) Defendant also asserts that, even if Plaintiff can allege viable discrimination claims, her claims would fail because Defendant had legitimate non-discriminatory reasons for terminating her.

This Court agrees with Defendant that Plaintiff has failed to present a factual basis to support her age or gender discrimination claims. She alleges no facts to suggest that she was terminated *because of* her gender or age. Plaintiff, however, has demonstrated that she could amend her complaint to state a viable religious discrimination claim against Defendant. She states in her submissions to the Court that: (1) she practices Judaism; (2) she was terminated; (3) she did not do anything wrong[1]; (4) shortly after her manager noticed her Star of David [a symbol that she is Jewish], she was terminated. *See Mitchell v. Toledo Hosp'l*, 964 F.2d 557, 582 n.4 (6th Cir. 2002) (setting forth the elements of a plaintiff's prima facie case of religious discrimination).

---

[1]Given that Plaintiff is *pro se*, the Court liberally construes this statement to assert that she was qualified for the position.

Contrary to Defendant's assertion in its reply brief, the Sixth Circuit has held that some stray remarks by a decision-maker, *when directed at the plaintiff*, can support a discrimination claim. *See Pavicic v. Micro Lapping and Grinding Co.*, No. 92-4333, 1993 WL 498215, at *5 (6th Cir. Dec. 2, 1993) (distinguishing *Gagne v. Northwestern Nat'l Ins. Co.*, 881 F.2d 309 (6th Cir. 1959) where the remark was made facetiously and not directed at the plaintiff)). Further, "comments that are made close in time to an employment action or in the discussion of employment decisions of a decision maker are more likely probative of discriminatory animus." *Holloran v. Minnesota Old Northwest Agents Ltd. P'ship*, 58 F. Supp. 2d 831, 839 (W.D. Tenn. 1999) (citing *Wohler v. Toledo Stamping & Mfg. Co.*, No. 96-4187, 1997 WL 603422, at *3 (6th Cir. Sep. 30, 1997)). Plaintiff alleges that her manager treated her negatively immediately after their discussion regarding her Star of David and that she was terminated "soon after."

When reviewing Defendant's 12(b)(6) motion, this Court may not consider the evidence Defendant presents to show that it does not discriminate or that it had legitimate reasons for terminating Plaintiff. The Court could treat Defendant's motion as one for summary judgment in light of its presentation of matters outside the pleadings, with notice to the parties. *See* Fed. R. Civ. P. 12(d). At this early stage of the proceedings, however, the Court declines to do so.

## Conclusion

For the above reasons, this Court grants Defendant's motion to dismiss Plaintiff's gender and age discrimination claims. The Court grants Plaintiff leave to file an amended

complaint to assert her religious discrimination claim and therefore denies Defendant's motion to dismiss that claim.

Accordingly,

**IT IS ORDERED**, that Defendant's motion to dismiss is **GRANTED IN PART AND DENIED IN PART**;

**IT IS FURTHER ORDERED**, that Plaintiff shall file an amended complaint within fourteen (14) days of this Opinion and Order. If Plaintiff fails to file an amended complaint, the Court will dismiss her lawsuit.

Date: October 20, 2011

                                                  s/PATRICK J. DUGGAN
                                                UNITED STATES DISTRICT JUDGE

Copies to:
Barbara Hardeman
2121 Parmenter
#202
Royal Oak, MI 48073

Heather G. Ptasznik, Esq.